[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION Re: CLUB MEMBERSHIP MOTION # 239.00
This issue comes before the court by way of plaintiff's Motion re: Club Membership dated September II, 2000 (#239.00). The parties are joint members of the Belle Haven Club in Greenwich, Connecticut. They are considered "Season Members" as opposed to Active Members, and hence do not own stock in the club. The parties paid an initiation fee which was non refundable, as well as an annual fee for use of the facilities. Under the club rules where joint members do not reside under the same roof if one party does not resign in favor of the other, then the membership of both is terminated. Plaintiff seeks a pendente lite order directing that the membership stand in her name alone. The defendant, for his part, opposes the motion. The issue before the court is whether or not the type of membership held by the parties is property within the meaning of the statute regarding equitable division.
 FINDINGS
Following argument by counsel and a review of the memoranda of law provided by both counsel the court finds as follows:
 1. That the joint membership of the parties' in the Belle Haven Club, Inc. is seasonal, non-transferable and renewable annually at the discretion of the board of directors.
 2. That the club is used principally by the plaintiff CT Page 12964 wife and the three minor children.
 3. That the parties have no pecuniary stake in the Club, and that the membership therein is not "the subject of ownership" within the definition of property as set forth in Krafick vs. Krafick, 234 Conn. 783, 794 (1995).
 4. That the joint membership of the parties' is not subject to equitable distribution as set forth in § 46b-81 of the Connecticut General Statutes.
 5. That is in the best interest of the minor children that the membership continue and that it not be terminated at this time.
 6. That under § 46b-56 of the Connecticut General Statutes the court has equitable powers to enter appropriate orders regarding the "care" of the minor children, and that the benefits derived by the children from continued membership in the Belle Haven Club is an issue directly affecting their care.
 ORDER IT IS HEREBY ORDERED: that the defendant husband resign his membership in the Belle Haven Club, Inc. forthwith, and that membership continue solely in the name of the plaintiff wife.
BY THE COURT
SHAY, J.